IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL LILROD FORD,<br><br>    *Plaintiff*,<br><br>v.<br><br>COUNSELOR TINA ZANDERS, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:18-cv-00412-TES-CHW |

**ORDER**

Before the Court is the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 66] on Defendants' Motion for Summary Judgment [Doc. 44]. The magistrate judge recommends that the Court grant Defendants' summary judgment as to Plaintiff's request for compensatory and punitive damages and deny their motion on Plaintiff's claims for violations of the First and Eighth Amendments. [Doc. 66, p. 14].

After reviewing the magistrate judge's R&R, both Plaintiff and Defendants timely filed their objections pursuant to 28 U.S.C. § 636(b)(1). [Doc. 71]; [Doc. 76]. As such, this Court conducted a de novo review of the portions of the R&R to which objections were made and, for the reasons discussed below, **ADOPTS** the magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

Plaintiff suit concerns three alleged constitutional deprivations related to his prison uniform, communications with his attorney, and use of the prison-grievance process.

Plaintiff's prison-uniform claim concerns unsanitary clothing. Plaintiff alleged he only had "one uniform [that] ha[d] to be worn every day", which became unhygienic from his work "cleaning the prisoners' showers and toilets." [Doc. 1, p. 7]. Plaintiff further alleged that the prison laundry system was inaccessible to him because of the delay in returning clothes and, when he did use the laundry system, he couldn't eat because of restrictions on entering the mess hall without a uniform. [*Id.*]. Additionally, Plaintiff alleged he was forced to handwash his uniform at night and wear it—even if it was still wet—in the morning. [*Id.*].

Plaintiff also alleged Defendants violated his right to communicate with his attorney when prison officials confiscated a flash drive his attorney sent to him that contained transcripts from his Fulton County murder trial. [Doc. 66, p. 2]; [Doc. 1, pp. 6—7]. Plaintiff stated that Defendants prevented him from accessing the flash drive and sending it to his family to print the contents and mail back the printed materials to him. [*Id.*].

Lastly, Plaintiff raised another claim against Zanders and Thomas for retaliation. According to Plaintiff, Zanders retaliation threats began "after Plaintiff filed his very

first [grievance] appeal at Central State Prison." [Doc. 1, p. 6]. Plaintiff then filed a grievance about Zanders conduct that was "fully granted" by Thomas, and Thomas stated, "he would tell Counselor Zanders to refrain from suppressing grievances." [*Id.*]. However, Plaintiff stated Zanders continued to retaliate, resulting in the denial of administrative remedies and hindering Plaintiff's attempts to get a decent work detail. [*Id.*]; [Doc. 9, p. 2].

Now at the summary judgment stage, Defendants move for judgment in their favor on these claims. [Doc. 44]

## DISCUSSION

### A.  Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmovant and a fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering this motion, "the evidence of the [nonmovant] is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Id.* at 255. However, the Court need not draw "all possible inferences" in favor of the nonmovant. *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 796 (11th Cir. 2011).

The movant "bears the initial burden of informing the district court of the basis

for its motion[] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant "to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Jones*, 683 F.3d at 1292 (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2012)).

The Court finds the recent Eleventh Circuit summary judgment analysis in *Sconiers v. Lockhart* highly instructive in this case:

> Summary judgment is not a time for fact-finding; that task is reserved for trial. *See*, *e.g.*, *Tolan v. Cotton*, 572 U.S. 650, 655–57, 134 S.Ct. 1861, 188 L.Ed.2d 895 (2014). Rather, on summary judgment, the district court must accept as fact all allegations the non-moving party makes, provided they are sufficiently supported by evidence of record. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). So when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013). Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742–43 (11th Cir. 1996).

946 F.3d 1256, 1263 (11th Cir. 2020).

### B. <u>Plaintiff's Objections</u>

Plaintiff objects to (1) the Court's dismissal of his retaliation claim against Thomas, (2) the magistrate judge's refusal to strike as untimely Defendant's response to

Plaintiff's pending motion for discovery sanctions, (3) the magistrate judge's refusal to sanction Defendants for not providing the grievances he has filed, and (4) the magistrate judge's determination that Plaintiff cannot recover compensatory and punitive damages without physical injury. [Doc. 76, pp. 1—2].

### 1. Dismissal of Retaliation Claim Against Thomas

Plaintiff objects to the magistrate judge's conclusion that "[t]he Court's screening Order did not permit a retaliation claim to proceed against Defendant Thomas." [Doc. 76, p. 1 (citing [Doc. 66, p. 2 n. 2])]. To the extent it is unclear whether this Court dismissed his retaliation claim at the screening stage, the Court dismisses the retaliation claim against Thomas now because Plaintiff has failed to present evidence that Thomas denied him access to the grievance system or otherwise retaliated against him. In fact, the evidence suggests that Thomas fully granted Plaintiff's grievance against Zanders. [Doc. 44-6, Ford Depo., pp. 49:15—50:7].

### 2. Magistrate Judge's Refusal to Strike and Sanction

Plaintiff objects to the magistrate judge's refusal to strike as untimely Defendants' response to Plaintiff's pending motion for discovery sanctions and his refusal to sanction Defendants for not providing the grievances that he filed. [Doc. 76, p. 2]; *see* [Doc. 66, pp. 3—4]. To the extent that Plaintiff objects to non-dispositive rulings, such rulings are reviewed for clear error. Fed. R. Civ. P. 72(a). Upon review, the non-

dispositive rulings objected to by Plaintiff were not clearly erroneous or contrary to law, and the Court **OVERRULES** the objections.

### 3. Punitive and Compensatory Damages

Plaintiff objects to the magistrate judge's "determination that compensatory and punitive damages cannot be recovered in this without an apparent physical injury." [Doc. 76, p. 2]. However, the law is well settled on this matter. The Prison Litigation Reform Act of 1995 bars prisoners from recovering either compensatory or punitive damages unless they have suffered more than a de minimis injury. 42 U.S.C. § 1997e(e). Plaintiff has not shown greater than de minimis physical injuries. Therefore, he cannot recover compensatory or punitive damages. *Id.*; *see Al-Amin v. Smith*, 637 F.3d 1192, 1198–99 (11th Cir. 2011); s*ee also Carter v. Allen*, 930 F.3d 1233, 1234—38 (11th Cir. 2019) (finding—while subjected to challenges—the settled law in the Eleventh Circuit is "to preclude compensatory and punitive damages for any claim absent physical injury"). Accordingly, Plaintiff may only recover nominal damages should he ultimately prevail in this action.

### C. Defendants' Objections

Defendants object to the magistrate judge's recommendation that the Court allow Plaintiff's retaliation, deliberate indifference, and right to communicate with his attorney claims proceed to trial.

### 1.     Prison-Uniform Claim

Defendants argue that "Plaintiff's clothing situation does not constitute 'cruel and unusual punishment' in violation of the Eighth Amendment" because the Defendants met the minimum constitutional standards since Plaintiff had one uniform that he could wash in his sink. [Doc. 71, p. 2]. Defendants further contend that (1) Plaintiff did not clearly state his uniform was exposed to human waste,[1] (2) Plaintiff never said in his deposition that the prison only provided one uniform and only stated that he has been wearing the same clothing for over a year,[2] and (3) magistrate judge incorrectly stated that Plaintiff had to clean his clothes naked.[3]

However, the above contentions do not change the underlying issue. Plaintiff has presented sufficient evidence that he was denied additional clothing besides his one uniform for over a year and performed unsanitary work in the same uniform. While only having one uniform that has to be washed by hand may not be enough to amount to a constitutional deprivation on its own, Plaintiff's statements that his uniform

---

[1] Defendants point to Plaintiff's deposition statement:
> "I've like been in situations where, you know, I'm going to have to clean the bathroom and then, you know, obviously stuff splashing on your clothes.· I'm not saying crap, but crap be stuff. You know what I mean? Because, I'm in here like with mops and rags and different stuff."

[Doc. 44-6, Ford Depo., p. 31:10—18].

[2] Plaintiff also stated that he filed numerous grievances about inadequate clothing. *See* [Doc. 66, p. 5 (citing [Doc. 44-6, Ford Depo., pp. 17:19—18:4])].

[3] Plaintiff stated he had underclothes and long johns that, presumably, he could wear while cleaning his uniform.  *See* [Doc. 66, p. 1]; [Doc. 44-6, Ford Depo., pp. 27:4—28:25].

7

became easily contaminated and disgusting because of his work detail could create a violation of the Eighth Amendment.

The Eighth Amendment prohibits the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend VIII. A prisoner seeking to impose liability for an Eighth Amendment claim must establish the existence of "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016).

For the subjective factor, to establish deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of harm; (2) disregard of that risk; and (3) [c]onduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); *see also Farmer*, 511 U.S. at 837 (requiring the prison official to "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Defendants do not object to the magistrate judge's finding that Plaintiff presented adequate evidence for the subjective element. [Doc. 71, pp. 2—5].

For the objective factor, "the risk of harm from the condition must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.' " *Jinks v. Owens*, 517 F. App'x 913, 915 (11th Cir. 2013) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)). Further, the Eleventh Circuit has "long recognized a 'well established' Eighth Amendment right 'not to be confined . . . in

conditions lacking basic sanitation.' " *Brooks v. Warden*, 800 F.3d 1295, 1303 (11th Cir. 2015) (quoting *Chandler v. Baird*, 926 F.2d 1057, 1065–66 (11th Cir. 1991)). However, "[t]he Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Defendants argue that Plaintiff's one prison uniform that could be washed in his cell meets the minimum constitutional standards. [Doc. 71, p. 2 (citing *Jinks*, 517 F. App'x at 915 (finding no deliberate indifference where prisoner's bed sheets and clothing were washed weekly, he showered three times a week, he had unlimited access to clean water from cell sink, and he was able to clean his cell))]; *see also Carpenter v. Bell*, No. 2:14–cv–00541–SLB–JEO, 2014 WL 7178417, *4—5 (N.D. Ala. Dec. 16, 2014) (finding plaintiff's lack of "a weekly change of uniforms . . . d[id] not state claims of constitutional proportion" where he did not suffer from "any physical or medical condition due to unclean bed linen or uniform") (collecting cases of intolerable prison conditions); *Leonard v. City of Columbus,* No. 4:10–cv–00060–CDL–MSH, 2010 WL 3717251, at *6 (M.D. Ga. July 29, 2010) *recommendation adopted by* 2010 WL 3716877 (M.D. Ga. Sept. 13, 2010)  (finding "forcing Plaintiff to wear the same uniform, without access to underwear, for several days" was not a constitutional violation).

9

However, Plaintiff has stated more than that he was deprived a change of uniform. While a reasonable person can make more than one inference from Plaintiff's statements regarding his work cleaning the bathrooms, a permissive interpretation is that his uniform was contaminated from doing so. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson*, 501 U.S. at 304.

Here, the length of time with only one uniform and the impact Plaintiff's janitorial work had on his clothing could deprive him of his right to basic hygiene. [Doc. 44-6, Ford Depo., p. 30:3—12 ("I have to wear dirty clothes, smelly clothes. I obviously can't hand wash it every single day. You know, this is what I have to walk around looking at. I mean, look at the back of my pants and stuff. Some of this stuff, it won't even come out anymore. Like it's depressing -- also I'm on mental health for depression. So this doesn't help, the fact that after, you know, I'm already depressed")]. Accordingly, Plaintiff's uniform claim may proceed to trial.

    **2.    Access to Information From His Attorney Claim**

Defendants object to the magistrate judge recommending Plaintiff's First Amendment claims—arising from Defendants hindering Plaintiff's attempts to receive a

flash drive containing legal documents from his lawyer—should proceed to trial. The prison's flash-drive ban potentially chills the inmates' "ability to speak, protest, and complain openly to his attorney," thus triggering First Amendment protections. *Al-Amin v. Smith*, 511 F.3d 1317, 1333-34 (11th Cir. 2008). Prison officials nevertheless may adopt rules that infringe on a prisoner's First Amendment rights as long as those rules are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The four *Turner* factors used to determine whether a restriction is reasonably related to legitimate penological interests are:

> (1) whether there is a valid, rational connection between the regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an exaggerated response to prison concerns.

*O'Connor v. Carnahan*, 3:09-cv-224-WS-EMT, 2015 WL 6405976 at *9 (N.D. Fla. Sept. 21, 2015) (quoting *Hakim v. Hicks*, 223 F.3d 1244, 1247–48 (11th Cir. 2000)); *see Al–Amin*, 511 F.3d at 1327–28. Because the purpose of the prison's policy is not sufficiently in the record,[4] the Court simply does not have the facts here to apply *Turner* and to determine whether the prison's policy of refusing flash drives—even those from inmates'

---

[4] Defendants—in a footnote in their reply brief—for the first time raised security concerns with permitting flash drives. [Doc. 62, p. 5 n. 2]. But Defendants failed to adequately expand on their security concerns or discuss alternative means for Plaintiff to access the information like Plaintiff sending the flash drive to a family member to print and send back in paper form.

11

attorneys—infringes on an inmates' constitutional rights, and if it does, whether it is reasonably related to a "legitimate penological interest."

Still, Defendants contend that they "should not be faulted for not printing the transcript from the flash drive for Plaintiff, because Plaintiff's attorney ultimately gave Plaintiff a paper transcript." [Doc. 71, p. 5]. Further, Defendants argue that a delay in receiving one piece of legal mail does not amount to a constitutional violation. [*Id.*]. However, Plaintiff has shown that a prison policy existed banning flash-drives. [Doc. 44-3, Thomas Aff., ¶ 3]. At the summary judgment stage, evidence of this established policy—and Thomas' statements that all inmates are subject to it—suffices to create a fact question about whether a pattern or practice existed. [*Id.*, ¶¶ 4—5].

Further, the Court finds Defendants' argument that Plaintiff's attorney caused the delay because he refused to send paper transcripts equally unpersuasive. Even if another party slowed Plaintiff's attempts to receive legal mail, the prison policy also hindered his attempted correspondence.

Accordingly, Plaintiff's right to communicate with his attorney claim may proceed to trial.

### 3. Retaliation Claim Against Zanders

As noted above, Plaintiff stated Zanders retaliated against him by denying administrative remedies and hindering his attempts to get a decent work detail. Defendants object to the causation element of the magistrate judge's retaliation analysis,

12

arguing Plaintiff has not provided evidence of a retaliatory animus and that Defendants have provided evidence that Zanders followed the proper grievance procedures. [Doc. 71, p. 6]. However, Defendants do not discuss Zanders' alleged threats to interfere with Plaintiff's attempts to change his work details. [Doc. 66, pp. 11—13]; [Doc. 71, pp. 6—7].

To present a retaliation claim, "a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Pittman v. Tucker*, 213 F. App'x 867, 870 (11th Cir. 2007) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir.1995) (affirming summary judgment for defendant Collins because plaintiff "produced nothing, beyond his own conclusory allegations, suggesting that Collins' actions in compliance with the strip search regulations were motivated by a retaliatory animus"); *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008) (stating "[i]f the defendant can show that he would have taken the same action in the absence of the protected activity, he . . . prevail[s] on . . . summary judgment").

In Defendants' Objection, Defendants argue that Plaintiff failed to put forth evidence of a causal link between a protected activity and some retaliatory action. [Doc. 71, p. 6]. Further, Defendants argue that their evidence—declarations from Thomas and Zanders that his grievances were rejected because of a failure to comply with prison policy—is uncontested. [*Id.*, pp. 6—7]; [Doc. 44-4, Zanders Aff., ¶ 15]; [Doc. 44-3,

13

Thomas Aff., ¶ 8]. While Defendants do provide evidence that Zanders acted appropriately, Plaintiff has also presented evidence of a retaliatory animus. Here, Plaintiff claimed Zanders tried to intimidate him into not filing additional grievances, by telling him he couldn't change his work detail because he was a "trouble maker". [Doc. 44-6, Ford Depo., pp. 47:10—13, 52:24–53:1]; *see also* [Doc. 61, pp. 10—11 (Zanders informed Plaintiff "that she could see he was going to be a problem when he filed his first grievance appeal" and "that he has been unable to get [a] detail/inmate job in the law library because they don't want trouble makers in there.")]. Furthermore, Plaintiff offered evidence to show that the term "troublemaker" could have referred to his First Amendment activities. [Doc. 44-6, Ford Depo., p. 45:11—22]. "Of course, the finder of fact may ultimately disbelieve [Plaintiff's] testimony and conclude that" Zanders did not operate with a retaliatory animus. *Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020). However, considering the facts in the light most favorable to Plaintiff and resolving all factual disputes in his favor, Plaintiff presented a genuine dispute of material fact regarding Zanders' retaliatory animus. *Id.* at 1317. Therefore, Plaintiff's retaliation claim may proceed to trial.

## **CONCLUSION**

Simply because nominal damages are for a trivial amount does not render suits for them unimportant. A suit for nominal damages still provides an authoritative judicial determination of the parties' legal rights that can clarify the standard for future

conduct. For the reasons explained above, the Court **OVERRULES** Defendants' objections. [Doc. 71]. Further, the Court **OVERRULES** Plaintiff's objections that the magistrate judge improperly limited damages and dismissed his retaliation claim against Thomas. [Doc. 76].

For the reasons discussed above, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 66]. Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment [Doc. 44], and this action shall proceed to trial for the resolution of Plaintiff's remaining claims for nominal damages only.

**SO ORDERED**, this 10th day of August, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
