IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL LILROD FORD,<br><br>    *Plaintiff*,<br><br>v.<br><br>COUNSELOR TINA ZANDERS, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:18-cv-00412-TES-CHW |

**ORDER DENYING FORD'S MOTION TO APPOINT COUNSEL**

Before the Court is Plaintiff's Motion to Appoint Counsel [Doc. 79]. The Motion was discussed at a teleconference hearing on September 22, 2020. The Court **DENIES** Plaintiff's Motion. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). But "[t]he key" in determining whether appointed counsel is warranted "is whether the [*pro se*] litigant needs help in presenting the essential merits of his position to the court." *Nelson v.*

*McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam) (holding that court did not abuse its discretion in denying appointed counsel where prisoner "articulated his claims for relief in his complaint and filed several responsive pleadings and motions before the district court in which he accurately cited the essential facts, legal arguments, and relevant law").

This case is a routine *pro se* prisoner action and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. As stated during the teleconference hearing, Plaintiff's Motion to Appoint Counsel [Doc. 79] is accordingly **DENIED**. *See* [Doc. 83].

**SO ORDERED**, this 23rd day of September, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**